IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 24-cv-01585-PAB-NRN

ANTHONY DANIEL KINCANNON,

 Plaintiff,

v.

VIRGIL NASON MURRAY, and
WESTERN DISTRIBUTING COMPANY, a Colorado corporation,

 Defendants.

---

**ORDER ON PLAINTIFF'S MOTION TO COMPEL DEFENDANTS TO PAY
DEFENDANTS' PORTION OF PLAINTIFF'S EXPERT WITNESS FEES (ECF No. 38)**

---

**N. REID NEUREITER
United States Magistrate Judge**

This matter comes before the Court on Plaintiff Anthony Kincannon's Motion to Compel Defendants to Pay Defendants' Portion of Plaintiff's Expert Witness Fees, filed February 26, 2026. ECF No. 38. Defendants responded in opposition on March 19, 2026. ECF No. 41. The Court heard argument on April 2, 2026. *See* ECF No. 42.

## I. Background

This case arises from injuries resulting from a trucking motor-vehicle accident that occurred in Eagle County on December 8, 2022. Plaintiff says he was hit and injured by the tractor-trailer driven by Defendant Virgil Murray. Per the proposed scheduling order, Plaintiff claimed $83,646.60 in medical expense damages and claimed to have incurred a minimum of $106,949 in lost past wages. *See* ECF No. 23. Plaintiff retained expert economist Luigi Calabrese to opine as to Plaintiff's wage

earnings and household services losses. Mr. Calabrese's 8-page affirmative expert opinion is found at ECF No. 38-1. Mr. Calabrese also reviewed and responded to Defendants' expert rebuttal report (found at ECF No. 38-2) with a "surrebuttal" report, answering the defense critiques of his original report and attacking the defense expert opinions. The surrebuttal is found at ECF No. 38-3.

The case has apparently been resolved and the only remaining issue before the Court is whether and to what extent Defendants are required to pay for Mr. Calabrese's time spent *in preparation* for deposition after defense counsel noticed Mr. Calabrese's deposition.

## II.    Claimed Expert Fees in Preparation for Deposition

Mr. Calbrese's rate for expert work is $500 per hour. Mr. Calabrese is claiming 23.5 hours of total time, to the tune of $11,150.00, for preparing for and giving his deposition. *See* ECF No. 38-4 (Calabrese Invoice). Beyond his own time, which is alleged to have totaled 19.5 hours, Mr. Calabrese is also seeking compensation for four hours of his assistant's time at $350 per hour. *Id*. The deposition only lasted 2.5 hours. *Id*. The amount claimed for the deposition itself is not in dispute. ECF No. 38 at 5 n.1. Neither is Mr. Calabrese's hourly rate. The issue is whether it was reasonable for Mr. Calabrese and his assistant to have incurred 21 hours—the equivalent of nearly three full workdays—to prepare for a deposition in a relatively simple personal injury case, and whether Defendants should have to pay for that preparation time.

Mr. Calabrese submitted an affidavit in support of the supposed reasonableness of spending 21 hours (17 hours of his professional time and four hours of staff support) to prepare for his 2.5 hour deposition. See ECF No. 38-7. He said that he conducted an

"exhaustive review" of three distinct expert reports to "ensure readiness for cross-examination." But two of those reports he had written himself (his original report and the surrebuttal report), and the third report (the Jacobson Rebuttal Report) he had had to review in the first instance, presumably "exhaustively," to write his surrebuttal report. He also says that he "supervised the preparation" of his "expert binder," which involved the organizing all supporting tables, exhibits, and data sets for the three reports "to ensure immediate retrieval and accuracy during testimony." He also says that the four hours of staff time were utilized for the physical preparation and organization of schedules, supporting documentation, and physical/digital compilation of the expert dossier to ensure all cross-references between the rebuttal and surrebuttal reports were precise. *Id*. at 1–2. Mr. Calabrese also spent "significant time" reviewing critical assumptions regarding lost wages and pecuniary damages. "This required a 'deep-dive' evaluation of the Plaintiff's business management within the context of dynamic and complex market conditions specifically associated with the COVID-19 pandemic, as detailed in [the] Surrebuttal Report." *Id*.

### III. Standard for Award of Expert Preparation Fees

A party seeking discovery from an expert "must pay the expert a reasonable fee for time spent in responding to discovery," unless manifest injustice would result. Fed. R. Civ. P. 26(b)(4)(E)(i). What constitutes a reasonable fee for purposes of this rule lies within the discretion of the court. *Fiber Optic Designs, Inc. v. New Eng. Pottery, LLC*, 262 F.R.D. 586, 589 (D. Colo. 2009). "[W]hile a party may contract with any expert it chooses, the court will not automatically tax the opposing party with any unreasonable

3

fees charged by the expert." *Kernke v. Menninger Clinic, Inc.*, Civ. No. 00-2263-GTV, 2002 WL 334901, *1 (D. Kan., Feb. 26, 2002).

Several factors may be relevant in determining a reasonable fee, including: (1) the area of expertise of the expert; (2) the education and training required to provide the expert insight that is sought; (3) the prevailing rates of other comparably respected available experts; (4) the nature, quality and complexity of the discovery responses provided; (5) the fee actually being charged to the party who retained the expert; (6) fees traditionally charged by the expert on related matters; and (7) any other factor likely to be of assistance to the court in balancing the interests implicated by Rule 26. *Fiber Optic Designs,* 262 F.R.D. at 589; *see also Sterisil, Inc. v. ProEdge Dental Prods., Inc.*, No. 13-cv-01210-REB, 2019 WL 1429280, at *1 (D. Colo. Mar. 29, 2019). Ultimately, the burden of proving the reasonableness of an expert's fees lies with the party seeking reimbursement. *Royal Maccabees Life Ins. Co. v. Malachinski, D.O.*, 2001 WL 290308, at *16 (N.D. Ill. 2001). "[T]he basic proposition [underlying Rule 26(b)(4)(C)] is relatively straightforward—a party that takes advantage of the opportunity afforded by Rule 26(b)(4)(A) to prepare a more forceful cross-examination should pay the expert's charges for submitting to this examination." *Constellation Power Source, Inc. Select Energy, Inc.*, No. 3:04cv983 (MRK), 2007 WL 188135, at *7 (D. Conn., Jan. 23, 2007) (citing 8A Wright, Miller & Marcus, *Federal Practice & Procedure* § 2034).

On the issue of whether a deposing party is required to pay for the *preparation time* of the opposing expert, the caselaw is not consistent. For example, in a case out of the Northern District of Illinois, the court stated,

> [T]ime spent "preparing" for a deposition entails not only the expert's review of his conclusions and their basis, but also consultation between the

4

> responding party's counsel and the expert to best support the responding party's case and to anticipate questions from seeking party's counsel. An expert's deposition is in part a dress rehearsal for his testimony at trial and thus his preparation is part of trial preparation. One party need not pay for the other's trial preparation.

*Rhee v. Witco Chem. Corp.*, 126 F.R.D. 45, 47 (N.D. Ill. 1989). And, as Magistrate Judge Craig Shaffer stated in *Fiber Optic Designs,* "[n]o one could plausibly suggest that an opposing party should be required to reimburse an expert for preparation costs that the expert will inevitably incur if the case proceeds to trial and the expert is actually called as a witness." 262 F.R.D. at 591.  Magistrate Judge Abram of this Court denied an award of preparation time to an opposing expert, following the reasoning in the *Rhee* case.  *See Benjamin v. Gloz*, 130 F.R.D. 455, 457 (D. Colo. 1990) ("I agree with the holding of the *Rhee* case and therefore deny plaintiff's request to the extent that it seeks compensation for the time [the expert] spent preparing for the deposition.").

Other cases unhesitatingly permit the recovery of reasonable fees for the time an expert spends preparing for a deposition. *See*, *e.g., Boos v. Prison Health Servs.*, 212 F.R.D. 578, 580 (D. Kan. 2002) (awarding compensation for deposition preparation time); *Fairley v. Andrews*, No. 03 C 52007, 2008 WL 961592, at *4 (N.D. Ill., April 8, 2008) ("[C]osts associated with the time spent preparing for a deposition are recoverable, as well as the time attending the deposition."); *Lent v. Fashion Mall Partners*, 223 F.R.D. 317, 318 (S.D.N.Y. 2004) ("Rule 26(b)(4)(C) clearly contemplates remuneration for time spent responding to discovery requests, which would include reasonable preparation for a deposition."); *Fleming v. United States*, 205 F.R.D. 188, 190 (W.D. Va. 2000) ("[I]t is well established that time spent by an expert preparing for his or her deposition by opposing counsel is part of a reasonable fee under Rule

26(b)(4)(C)"). But, as Judge Shaffer also pointed out, an automatic rule requiring the deposing party to pay for time spent preparing for a deposition ignores the distinction between the deposition itself and preparation. The lawyer taking a deposition can control the length of examination and thereby limit the fees incurred. "Counsel does not have the similar ability to control or limit the time allegedly spent in deposition preparation." *Fiber Optics Designs*, 262 F.R.D. at 592. Such was the situation in this case, where defense counsel limited the deposition time to 2.5 hours, but Plaintiff's expert supposedly had spent more than 20 hours preparing for that deposition—seeking to charge nearly ten times the cost of the deposition time for his prep time.

Rather than drawing a bright line rule, other cases allow for reimbursement of deposition preparation time under extenuating circumstances or in complex cases where additional preparation time would be merited. *See, e.g., 3M Co. v. Kambar*, No. C06-01225 JW (HRL), 2007 WL 2972921, at *3 (N.D. Cal., Oct. 10, 2007) (noting "persuasive authority which states that ordinarily the deposing party need only pay for time spent in deposition, unless it is a complex case or there are extenuating circumstances which require additional preparation time;" the court found no extenuating circumstances in that case); *Fisher v. Accor Hotels, Inc.*, No. Civ.A 02-CV-8576, 2004 WL 73727, at *2 (E.D. Pa., Jan. 12, 2004) (denying reimbursement for deposition preparation where the expert's report and supplement totaled five pages, the issues were not complex, and the deposition occurred approximately two months after the expert report was disclosed); *Fait v. Hummel*, No. 01 C 2771, 2002 WL 31433424, at *4 (N.D. Ill., Octo. 30, 2002) ("Costs for deposition preparation are generally not awarded except in complex cases where experts must review voluminous documents.").

In the *Fiber Optic Designs* case, which was a relatively complex patent suit where the deposition took 7.5 hours and took place within a month of the expert's Rule 26(a)(2)(B) disclosures, Judge Shaffer followed the line of cases allowing for reimbursement of an expert's time preparing for a deposition, but ordered reimbursement of only four hours of deposition preparation time. The expert had claimed 16.1 hours of preparation time over a six-day period to review "material" in preparation for his deposition. The fee award decision was based in part on the relatively short interval between the completion of the expert report and the deposition, which meant the expert "likely required minimal time to refresh his recollection and prepare his testimony." 262 F.R.D. at 594.

In the *Sterisil* case, cited above, Judge Brooke Jackson was deciding whether to award fees for deposition preparation time. He found that "it is reasonable for an expert witness to spend some time preparing for a deposition," and "[c]ompensation for reasonable preparation time is reasonable." 2019 WL 1429280, at *2. Judge Jackson determined that, for one expert, 7.5 hours of preparation time for a seven-hour deposition was reasonable, and for another, two hours of preparation time was reasonable for three hours spent in deposition. *Id*. at *2–3.

## IV.  Decision

The Court will follow the decisions of Magistrate Judge Shaffer and Judge Jackson and award a reasonable fee for reasonable preparation for the deposition on this case.

However, here, the expert spent an unreasonable amount of time preparing to testify at deposition. The expert witness had written two of the three expert reports

7

about which he was to be examined. And he presumably had already carefully and "exhaustively" reviewed the third report, other side's rebuttal report, in order to write his own surrebuttal report. So, the deposition preparation should have been more a review of materials previously carefully studied—a refresher—rather than learning new information. In addition, the use of staff to create binders of exhibits "to ensure immediate retrieval and accuracy during testimony" is something that 1) should have been done in connection with the writing of the reports themselves, and 2) would necessarily be used in connection with testimony at trial.

In short, asking the other side to pay for 21 hours of expert preparation time for what turned out to be a 2.5 hour deposition is, on its face, unreasonable. This was a relatively simple personal injury case. At argument on this motion, Plaintiff's counsel disclosed that he already paid more than $40,000 to Mr. Calabrese for the preparation of his original and surrebuttal reports. To pay more than $10,000 for the expert to then get ready to answer questions about the reports that he had previously written or extensively studied is unreasonable. The Court believes that spending four hours—a half a day's work time—to prepare for testimony in such a case is reasonable. Four hours would be enough time to refresh oneself on the reports previously written and studied. The exhibits and other materials that were organized in order to be prepared to answer the questions should have been done in connection with the writing of the reports, or would be used in connection with testimony at trial, and will not be compensated. In the future, Plaintiff's counsel needs to supervise its expert more carefully and disabuse the expert of the notion that unlimited days spent preparing for a deposition would be compensated.

Accordingly, Defendants are **ORDERED** to pay for $2,000 to Plaintiff for four

hours of Mr. Calabrese's deposition preparation time.

Dated at Denver, Colorado this 14th day of April, 2026.

_____

N. Reid Neureiter
United States Magistrate Judge